PETROPLUS, JUDGE:
John G. McGuffey, claimant, purchased a Ford truck, 1970 model, on November 30, 1972, from the Board of Regents, West Virginia University, as high bidder on submission of sealed bids, for the sum of $502.02. On a purchase order dated November 29, 1972, issued by Ben E. Rubrecht, Director of the Division of Purchases of the Department of Finance and Administration, appears the following language:
TO SELL
for the sale of the following vehicle:
1 Ford Truck, 1970, Weight Cap, 4000 lbs; Serial No. E16AHJ51602 Title No. D992429, W.V.U. Inv. Tag: OA94210. $502.02
Condition of vehicle: Truck caught on fire and burned. Seat burned, dash board and motor wiring. Windshield broken and right side glass broken, one head light broken, front end caved in on right side, right mirror gone, and needs paint job in front.
The above vehicle located at the State 4-H Camp, Weston, W. Va.
At the hearing it was developed by the evidence that the truck had been damaged by a fire and was sold in its damaged condition as described in the purchase order. The claimant made an inspection of *36 the truck before purchase and accepted it in its apparent damaged condition. The visible damage was that caused by the fire and since the wiring in the carburator had been burned it was not possible for him to road-test the truck because it was not in an operating condition.
After the purchase of the truck, it was taken to a shop for repairs where it was discovered that the motor had been irreparably damaged when a broken connecting rod had cracked the block, and it became necessary to replace the motor at a cost of $269.00. This was a defect of a latent nature and could not be discovered by an inspection of the truck before purchase.
The only issue in the case is whether there was an implied warranty at the time of sale that the truck was fit for the particular purpose for which it was sold, other than the damage that was stated on the purchase order.
There is no doubt that the seller had reason to know that the truck was purchased for the particular purpose of being operated. Under Chapter 46, Article 2, Section 315, Uniform Commercial Code, West Virginia Code, there is an implied warranty that goods are fit for the particular purpose for which they are sold. The statutory provision providing for an implied warranty of merchantability modifies the common law of “caveat emptor,” (let the buyer beware).
It is the finding of the Court that the truck was not sold in an “as is” condition, as contended by the respondent. If that were the intention of the parties, the purchase order should have so stated. The buyer’s attention was called to the specific damages caused by the fire, and other than the damage so stated, there was an implied warranty that the truck was in a serviceable condition. Factually the respondent sold a truck without a motor, as the cracked block even though concealed made the motor inoperable. The course of dealing between the parties did not exclude or modify the implied warranty.
For the foregoing reasons, an award will be made to the claimant for the cost of replacing the worthless motor with a used motor in the amount of $269.00.
Claim allowed in the amount of $269.00.